Fred W. BORDEN et al., Appellants,

v.

Calvin TAPP, Appellee.

No. 3712.

Court of Civil Appeals of Texas.

Waco.

Feb. 25, 1960.

Anderson & Anderson, Cleburne, for Bordens.

J. E. Ferguson, Cleburne, for J. C. (Curt) Taylor.

H. Miller McPherson, Cleburne, for Haverkorn, Clay Bldg. and H. Williams.

R. A. Kilpatrick, Cleburne, for appellee.

TIREY, Justice.

On March 18, 1958, appellants, Borden and his wife, executed and delivered a Mechanic's Lien Contract to Robert N. Foster for the purpose of constructing a dwelling on their homestead tract. Contemporaneously therewith they executed and delivered a promissory note due 90 days after date, and bearing interest after maturity at the rate of 10% per annum, and providing for attorney's fees in certain contingencies, in the principal sum of $14,000. The Mechanic's Lien obligated them to pay Foster for the construction of the building according to the agreed plans and specifications. The note and lien was transferred and assigned on the same day to Calvin Tapp, and Foster entered upon his duties of constructing the building, but failed to complete it, and Tapp exercised the privilege granted him to complete the building. Borden and his wife were not fully satisfied with the building after Tapp did his work, and they, thereafter, spent some if their own money to complete the building and, thereafter, moved in. While Foster, the contractor, was engaged in the construction of the building, claimants, Noble Hurley & Company, J. D. Haverkorn, and J. C. Taylor, and Clay Building Material Company, filed liens with the County Clerk of Johnson County, asserting constitutional and statutory liens against the property for labor and material furnished at the instance and request of contractor, Foster.

The plaintiffs, appellants here, brought this action on the theory that they were stakeholders, and that the action was one of interpleader.

Borden and wife went to trial on their original petition and pertinent to this discussion they alleged in effect that Tapp had a valid and subsisting lien on their property to secure the payment of the note of $14,000 less the sum of $749.24, itemizing the same, which they had been forced to expend in order to complete the building, and further alleged that the filing of the claims by Noble Hurley & Company, Haverkorn, Taylor and Clay Building Material Company had cast a cloud upon the title to their homestead and that it prevented them from obtaining the loan from Cleburne Savings & Loan Association in order that they might take up and extend the amount they owed to Tapp on the Mechanic's Lien Note and Contract, and that because they were forced to clear their title it was necessary for them to bring this suit and that they were entitled

to the relief under an interpleader, and asked that they be awarded attorney's fees in the sum of $500.

It is our view that this theory vanished under the pleadings and the undisputed evidence. The cause was tried without the aid of a jury and there was no request for findings of fact and conclusions of law, and none were filed, except that the Court made comprehensive findings in the judgment. These findings reflect the nature and result of the cause.

We quote substantially the findings made by the Court:

Mr. and Mrs. Borden, on the 18th day of March, 1958, entered into a contract with Robert N. Foster for the construction of their dwelling house, and a two-car garage for the contract price of $14,000. Foster bound himself to furnish all the labor and material. This contract was evidenced by the execution and delivery of the usual Mechanic's and Materialman's Lien Contract, and the Bordens, contemporaneously therewith, executed a promissory note in the sum of $14,000, payable to Foster, and the Mechanic's Lien Contract provided that Foster would complete the house within 90 days of March 18, 1958; that on the same day Foster transferred and assigned the Mechanic's Lien Contract and the note to Calvin Tapp, and this transfer and assignment was duly executed in usual form and Foster delivered the note and the transfer to Tapp, and Tapp filed the same for record with the County Clerk of Johnson County on the 20th day of March, 1958; that at the time the note and lien was transferred and delivered to Tapp he knew that no material had been furnished and that no work had been done toward the completion of the improvements provided for in the contract; that Foster did not substantially complete the improvements provided for by the contract within the time specified, but defaulted; that thereafter Tapp agreed to complete the improvements according to the plans and specifications and did undertake to do so, but failed to complete them according to the plans and specifications; that after the abandonment by Foster and Tapp, the Bordens made certain expenditures, itemizing same, totaling the sum of $491.14, and the Court found that such improvements were reasonable and necessary, and further found that the contract for the building of the house was not completed and accepted by the Bordens until February 5, 1959; that Tapp paid Foster the sum of $13,781 for the note and the assignment of the lien and that after Foster defaulted by failing to complete the dwelling Tapp expended the sum of $2,075.14 to complete the contract; that at the time the Bordens executed the note and Mechanic's Lien Contract to Foster they had made arrangements with the Cleburne Savings & Loan Association for a loan in the amount of $13,781, with which to pay for the improvements provided for in their Mechanic's Lien Contract with Foster; that such loan was to be secured by a first lien on the property of the Bordens, and the loan was to be completed after the improvements were completed; that this factual situation was known to Tapp at the time he purchased the note and lien; that the loan company was willing to make the loan of $13,781 to the Bordens, but would not do so until all liens and claims for labor and material furnished in making improvements are released, except the Mechanic's Lien Contract which it requires to be set over to it; that while Foster was engaged in constructing the dwelling that J. F. Haverkorn, J. E. (Curt) Taylor, Clay Building and Material Company, or intervenor, H. Williams, furnished labor and/or material to the said Foster, and undertook to fix a constitutional and statutory lien against the building and land described in the Mechanic's Lien Contract. The Court specifically found that the assignment of the note and contract to Tapp was filed for record in the office of the County Clerk of Johnson County before the foregoing claimants attempted to perform any labor or furnished any material to Foster for the construction of the building. The Bordens filed their suit on the 7th day of March, 1959, for the purpose of clearing

title of their property, because the loan association would not complete the loan because of the attempt of the last above claimants to fix their constitutional and statutory lien for labor and materials. The Bordens, in their petition on which they went to trial, alleged that they were ready, willing and able to tender the sum of $14,000 to the Court, less the sum they had expended to complete the contract, for the proper distribution to the persons entitled to receive it, and they alleged that such sum is available for proper distribution by the Court when it shall determine who is entitled to receive the money and in what amounts, such sum to be advanced by the association for the benefit of the Bordens, but that it cannot be advanced by the association until all the asserted liens for labor and material, save and except the Mechanic's Lien are released. No money was paid into the registry of the Court; that the property described in the Mechanic's Lien is and was the plaintiffs' homestead on March 18, 1958, and that such lien is a valid lien on the property of the Bordens and secures the payment of the note for $14,000, and that such note was negotiable and was transferred to Tapp before maturity for a valuable consideration. The Court further found that the Bordens are not indebted to defendants, Haverkorn, Clay Building Material Company, nor Taylor, nor intervenor, H. Williams, in any amount, and that neither of them has any lien of any nature on the property of the Bordens; that Tapp is not indebted to either of the foregoing claimants on the Foster and Borden Contract; that the Bordens are entitled to a credit of $491.14, on their indebtedness to Tapp for the money expended by them in the completion of the dwelling, and that the note of $14,000 and the Mechanic's Lien securing the same is credited with the sum of $491.14, reducing the $14,000 note to the sum of $13,508.86, and further found that Tapp is entitled to the foreclosure of the Mechanic's Lien on the property for the amount of $13,508.86, and that he shall have an order of sale; that Tapp is entitled to personal judgment against the plaintiff, Fred W. Borden, for the amount of $13,-508.86, with interest thereon at the rate of 10% per annum, from June 18, 1958, to date the judgment is entered, together with 10% on said sum and said interest to date of judgment as attorney's fees; that for the purpose of computation of interest to date of entry of the judgment is as of September 1, 1959, and that from and after September 1, 1959, the judgment for attorney's fees shall bear interest at the rate of 6% per annum. On the foregoing findings, the Court decreed that Tapp recover from Fred W. Borden judgment for the sum of $16,-641.76, which sum is made up of the principal of the note in suit less the credit of $491.14, the unpaid principal being $13,508.-86, with interest thereon from June 8, 1958, to September 1, 1959, at the rate of 10% per annum, which interest amounts to $1,620.02, and the sum of $1,512.88, which is the attorney's fees on the principal and interest. The Court further decreed that the sum of $15,-128.88, being the principal and interest on the note, draw interest from September 1, 1959, until paid at the rate of 10% per annum, and that the sum of $1,512.88, being the amount the Court allowed for attorney's fees, draw interest from September 1, 1959, until paid at the rate of 6% per annum, for all of which let execution issue. The decree further provided that the Mechanic's and Materialman's Lien in favor of Tapp against the Bordens be foreclosed to enforce the collection of $13,508.86 of the above judgment, and provided for an order of sale and directed the Sheriff to sell the property as under execution, and further directed the Sheriff to apply the proceeds thereof to the payment of $13,508.86, together with interest that may accrue to date of entry of judgment, and the cost of suit. The decree further provided that if the property should sell for more than sufficient to satisfy the sum of $13,508.86, that the officer executing the writ is directed to pay over the excess to plaintiffs, and place the purchaser of the property in possession within 30 days after date of

sale. The Court further decreed that Tapp recover from defendant, Foster, the contractor, judgment for the sum of $19,332.-90; that $17,257.76 of this amount draw interest from September 1, 1959, at the rate of 10% per annum, and that the $2075.-14 of said amount draw interest from September 1, 1959, at the rate of 6% per annum, and for execution, and further provided that all sums collected by Tapp on the judgment against Borden shall be credited on his judgment against Foster. The Court further decreed that claimants, Haverkorn, Taylor, Clay Building and Material Company, and intervenor, H. Williams, take nothing by reason of their suits against Borden and wife, and defendant, Tapp, but that they have and recover judgment against defendant, Robert N. Foster, the contractor, for the amount of their respective claims, and set out the amount of each of them, and decreed that they have interest on their claims from the date of judgment at 6%. The Court further decreed that the statutory and constitutional liens claimed and filed by claimants, Haverkorn, Taylor and Clay Building Material Company be cancelled, set aside and held for naught, and the Court decreed that the Mechanic's Lien held by Tapp is the only lien on the Borden property as the result of the construction of the improvements thereon provided for in the contract that the Bordens executed with Foster. The Court further decreed that the costs incurred by Haverkorn, Taylor and Clay Building Material Company, and intervenor, Williams, shall be paid by each of them respectively, and the remainder of the costs are taxed one-half against defendant, Tapp, and the other half against plaintiff, Borden, for which execution may issue. The Bordens excepted in open Court and gave notice of appeal to this Court, and the claimants, Haverkorn, Taylor and Clay Building Company, and Intervenor, Williams, likewise excepted and gave notice of appeal to this Court, and the appeal has been perfected and the case is here for review. Foster did not appeal.

The Bordens have assailed the judgment on what they designate as four points, they are substantially to the effect that the Court erred:

(1 and 2) In awarding Tapp judgment for interest at the rate of 10% per annum on the sum of $13,508.86, from June 18, 1958, to September 1, 1959, which amounts to the sum of $1,620.02, and in awarding interest at 10% per annum on the sum of $15,-128.88, being principal and interest from September 1, 1959, until paid, and in granting Tapp a judgment for interest on the note for any period prior to the date of judgment.

(3 and 4) In granting Tapp judgment for attorney's fees, and in adjudging part of the costs against plaintiffs.

Haverkorn and the other claimants who undertook to fix constitutional and statutory liens against the property on the ground that they had furnished labor and material to contractor, Foster, assail the judgment in denying their claims for liens on the ground that the Court erred substantially:

(1 and 2) In holding that Tapp was a holder in due course of the note and Mechanic's Lien and that he was entitled to foreclosure of his debt and lien to the exclusion of all labor and materials furnished by the claimants to the contractor and in holding that these claimants had no lien;

(3) In denying claimants a recovery on quantum meruit.

■ The Court, in its decree, held for naught each of the claims asserted by Haverkorn, Taylor, and Clay Building Material Company, and decreed that the Mechanic's Lien held by Tapp is the only lien on the Borden property as a result of the construction of the improvements thereon which the Bordens provided for in their contract with Foster. We are in accord with this view. Under the undisputed factual situation relating to the foregoing claims, the Trial Court followed the Rule

announced in McCutcheon v. Union Mercantile Company, Tex.Civ.App., 1954, 267 S.W.2d 916, writ refused.

■ Returning to the complaints made by the Bordens to the decree of the Court, we are of the view that since this record is without dispute that the $14,000 note in suit was a negotiable instrument, and since Tapp was a holder of this note in due course because he acquired the note and the liens securing same in good faith and for value before maturity that the Court did not err in holding that Tapp was entitled to judgment for the amount of $13,508.86, which sum was the difference between the face value of the note and the credits the Court allowed the Bordens for completing the buildings, and that Tapp was entitled to interest on such sum at the rate of 10% per annum from June 18, 1958, to September 1, 1959, as fixed by the Court. As we understand the Court's findings of fact which we believe to be undisputed, and which are not here assailed, we think the Court's decree in the foregoing respect follows the Rule announced by Supreme Court in Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928. See also opinion of Supreme Court in Ingham v. Harrison, 148 Tex. 380, 224 S.W.2d 1019. Accordingly, the Borden's Points 1 and 2 are overruled. We likewise find that there is no error in the Court's decree in allowing Tapp judgment for attorney's fees as set out in the decree, and Point 3 is overruled.

■ We see no error in the judgment of the Trial Court in assessing one-half of the court costs against the Bordens. The Bordens, in their original petition on which they went to trial, admitted that the lien held by Tapp was valid to the extent of the face of the note for $14,000 less the amount that they were forced to expend to complete the buildings in order to comply with the specifications, etc. The Bordens brought the suit and sued Tapp, the holder of the note, and the other claimants, and alleged that they had expended for the completion of the building, $729.24, which they asked to be credited on the $14,000 note, and further alleged that they had been damaged in the further sum of $1,000 because of the failure of the contractor and Tapp to complete the improvements on the building within the 90 days provided for in the Mechanic's Lien Contract. Although the note held by Tapp was past due since the 18th day of June, 1958, he had not exercised his privilege of placing the note in the hands of his attorney for collection until after he was sued by the Bordens, and when the Bordens filed their suit asking for relief against him he exercised the rights accorded him under the terms of the note to place it in the hands of his attorney for collection. It is true that the Bordens contended that they were willing to tender the amount of the note less their credits into Court, but no tender was in fact made by them. They were still contending for a credit on the note and for damages in the further sum of $1,000 as against Tapp; so it is our view that the Bordens' contention that the Court erred in adjudging one-half of the costs against them is without any merit whatever.

■ Appellants' cross-point one (1) is to the effect that the Court erred in refusing to enter a personal judgment against the appellant, Fred W. Borden, for the full amount due on the $14,000 note according to its reading, tenor and effect. Since the Court found that it was necessary for the Bordens to spend the sum of $491.14 in order to complete the building according to the contract, Tapp's contention in this behalf is without merit, and it is overruled.

After considering this record and the briefs of each of the parties, we are of the view that the decree of the Trial Court is correct, and that the judgment entered should be in all things affirmed. Accordingly, each of the Points of Appellants and Counter-Points and Cross-Points of appellee, Tapp, are each overruled. The cost of appeal is taxed against Appellant, Borden.

Accordingly, the judgment of the Trial Court is affirmed.