**W & W FLOOR COVERING COMPANY, Appellant,**

**v.**

**PROJECT ACCEPTANCE COMPANY et al., Appellees.**

**No. 11463.**

Court of Civil Appeals of Texas.

Austin.

Feb. 15, 1967.

Rehearing Denied March 15, 1967.

McKay & Avery, Charlie D. Dye, Austin, for appellant.

Shefman & Starcke, Benjamin Shefman, New Braunfels, for appellees.

HUGHES, Justice.

This suit involves the validity and priority of liens against a homestead. A summary judgment was rendered from which W & W Floor Covering Company appeals. The material facts are undisputed.

On July 25, 1964, Gail M. Gafford and wife, Mary G. Gafford, entered into a contract with James A. Sterling for the construction of a residence on property owned by them, and which they intended to occupy as their homestead in San Marcos, Hays County, Texas. This contract was in the form of a mechanic's and materialmen's lien contract and was properly executed and acknowledged by the Gaffords before any work was done or materials furnished under it. The lien given was to secure payment of a negotiable promissory note of even date with the lien contract in the sum of $17,627.00, the full contract price, payable to Sterling, signed by the Gaffords and delivered to Sterling. The lien contract was filed for record in Hays County on July 25, 1964, and was duly recorded in the mechanic's and materialmen's lien records of that County.

The note and lien contract were, on September 22, 1964, and before maturity of the note, and for a valuable consideration, transferred and assigned by Sterling to Project Acceptance Company, an appellee.

Sterling undertook construction of the residence under his contract with the Gaffords, and appellant, at the instance and request of Sterling, furnished labor and materials for the installation of nylon carpet and asphalt tile in the Gafford residence.

Sterling abandoned his contract and construction of the Gafford residence and Project Acceptance Company completed its construction.

Appellant, not having been paid for its labor and materials, gave notice of its claim and lien to Sterling and the Gaffords, May 10, 1965, and May 7, 1965, respectively, which was before completion of the residence. On June 2, 1965, appellant filed its lien in the mechanic's and materialmen's lien records of Hays County.

Appellant sued Sterling, the Gaffords and Project Acceptance Company to recover its debt in the sum of $703.85, and to foreclose its lien against the Gafford residence

and to establish its lien as superior to the lien of Project.

In a separate suit Project sued Sterling, the Gaffords and appellant to recover on the Gafford note and to foreclose its lien as a first lien on the property.

The above mentioned suits were consolidated for trial.

On the trial, Sterling defaulted. The Gaffords pleaded the property was their homestead.

Motions for summary judgment were filed by appellant and Project. The trial court rendered judgment for appellant against Sterling for $703.85, for Project against the Gaffords for $20,236.85, and for a lien foreclosure against the Gaffords to the extent of $17,627.00, and denying appellant any lien against the Gafford property. Only appellant appealed from this judgment. No brief has been filed on behalf of the Gaffords.

Appellant contends that it is entitled to a lien under the provisions of Arts. 5452, 5453, 5460 and 5469, Vernon's Ann.Tex.Civ. St.

It is admitted by Project that appellant has complied with the statutes, above cited, and that it would have a lien on the Gafford property for the labor and materials furnished by it but for the fact that the Gafford property was a homestead and the note given by the Gaffords for construction of the improvements was assigned before maturity. The applicable statute, Project contends, is Art. 5460,[1] V.T.C.S., which we quote:

"Art. 5460. [5631] [3304] Lien on homestead

When material is furnished, labor performed, or improvements as defined in this title are made, or when erections or repairs are made upon homesteads, if the owner thereof is a married man, then to fix and secure the lien upon the same it shall be necessary for the person or persons who furnish the material or perform the labor, before such material is furnished or such labor is performed, to make and enter into a contract in writing, setting forth the terms thereof, which shall be signed by the owner and his wife, and privily acknowledged by her, as is required in making sale of homestead. And such contract shall be recorded in the office of the county clerk in the county where such homestead is situated, in a well bound book to be kept for that purpose. When such contract has been made and entered into by the husband and wife and the contractor or builder, and the same has been recorded, as heretofore provided, then the same shall inure to the benefit of any and all persons who shall furnish material or labor thereon for such contractor or builder. Acts 1889, p. 110; G.L. vol. 9, p. 1138; Acts 1917, p. 383."

Concededly, appellant had no written contract with the Gaffords but it relies upon that portion of Art. 5460 which provides that the contract with the owner shall inure to the benefit of all persons who furnish labor or material for the improvements for the contractor. Wilson v. Hinton, 131 Tex. 593, 116 S.W.2d 365, supports appellant's reliance upon such statute and would be conclusive were it not for the fact that here the note given in full payment for the improvements was transferred before maturity by the contractor. In this situation the courts hold that the lien of the contractor having been transferred does not inure to the benefit of persons subsequently furnishing labor or materials to or for him for performance of his contract. McCutcheon v. Union Mercantile Company, 267 S.W.2d 916, Tex.Civ.App., El Paso, writ ref., Borden v. Tapp, 333 S.W.2d 417, Tex.Civ.App., Waco, n. w. h., First National Bank of Lubbock v. Jenkins, 350 S.W.2d 52, Tex. Civ.App., Amarillo, n. w. h.

1. See Art. 16, Sec. 50, Texas Constitution, Vernon's Ann.St.

We quote from McCutcheon the law which is applicable to this case:

"The owners, the Dinglers, had therefore paid the full amount of the lien contract by execution and delivery of the negotiable promissory note to the contractor. They owed him nothing at the time the notices were served on them, since at that time he had transferred the note and lien contract to the bank. Appellees (materialmen) could fix no liens against the homestead except by contract executed as prescribed by Section 50 of Article 16 of the Constitution, Vernon's Ann.St. They had no such contract. Therefore, any right to a lien in their favor could be only derivative from the lien created by the contract which the owners executed with Jack McCutcheon. Since that contract had been assigned by Jack McCutcheon to the bank to secure the $16,950 negotiable note the owners owed Jack McCutcheon nothing. Their debt was to the bank, the holder in due course of the $16,950 note. Therefore appellees acquired no lien against the property."

Appellant also contends that under Art. 5469 it was the duty of the Gaffords, as owners, to retain for the time specified 10% of the contract price, and that not having done so and appellant having complied with the statute it has a claim for its debt against the Gaffords and a lien on their property up to 10% of the contract price.

■ Art. 5469, standing alone, would give appellant the lien it seeks. The Gaffords, however, failed to retain the 10% which they were required to do under Art. 5469, hence there were no funds in their hands when appellant furnished materials and performed labor to which the lien could attach. The lien could not attach to the homestead because appellant had no written contract with the owners and it could obtain no derivative benefits under the contract

with Sterling because Sterling had assigned his note and lien to appellee which acquired the benefits accruing to a bona fide purchaser of negotiable paper. Appellant had no dealings with Project which are relied upon to establish its liability to pay appellant's claim.

Insofar as the judgment in favor of Project is concerned, we affirm the judgment.

There was, we believe, error in the judgment wherein it denied appellant a personal judgment against the Gaffords for the amount of appellant's claim, the amount being $703.85. We believe this conclusion follows from the provisions of Art. 5463, V.T.C.S., Sec. 2, which reads in part:

"The owner shall in no case be required to pay, nor his property be liable for, any money, other than that required to be retained by him under the provisions of Article 5469 hereof, that he may have paid to the contractor before he is authorized under this Article to retain the money. If the notices prescribed in Article 5453 have been received by the owner and claimant's lien has been secured in accordance with Article 5453 and the claim or any part thereof is reduced to final judgment, the owner shall be required to pay, and his property shall be liable for, any money that he may have paid to the contractor after he is authorized to retain such money by virtue of this Article, as well as any money he is required to retain by the provisions of Article 5469 hereof."

■ The Gaffords violated these statutes when they paid the contract in full by execution and delivery of the note to Project thus invoking the liability prescribed by the statutes. The amount of appellant's claim is within 10% of the contract price, and there is no evidence of other claims.

We reform the judgment by decreeing in favor of appellant a joint and several judgment against the Gaffords and Sterling

for $703.85, with 6% interest from May 27, 1966.

The costs of appeal are assessed one third against the Gaffords and two thirds against appellant.

Reformed and as reformed, affirmed.