**D. B. LANGFORD and R. K. McClain d/b/a Langford-McClain Builders Supply, Appellants,**

**v.**

**Gilbert REEVES, Appellee.**

**No. 615.**

Court of Civil Appeals of Texas, Tyler.

March 16, 1972.

Rehearing Denied April 6, 1972.

Sammons, Clayton & Parker, Martin Z. Sammons, Jr., Tyler, for appellants.

Saunders, Caldwell & Schmidt, J. Byron Saunders, Tyler, for appellee.

DUNAGAN, Chief Justice.

This suit was brought by appellants, Langford and McClain, who occupied the position of materialmen, against Billy Strange, the prime contractor, and Gilbert Reeves, the landowner, for an accounting for materials allegedly furnished the said Strange as contractor for Reeves. Trial was before the court without a jury, and at the conclusion of the evidence, judgment was rendered for the materialmen against the contractor, Strange, and judgment as against the landowner, Reeves, was denied. Appellants have duly perfected their appeal from that portion of the judgment denying them a recovery against the landowner Reeves, appellee herein.

Pursuant to appellants' request, the trial court filed its findings of fact and conclusions of law.

This appeal involves the construction of the statutory mechanic's and materialmen's liens, Article 5452, et seq.,[1] and more particularly, Article 5469. It is appellants' position that under 5469, a landowner has personal liability to a materialman for failure to retain the ten percent (10%) retainage as required by said statute, even though the real property involved is homestead and there exists no written mechanic's and materialman's lien contract between the landowner and the prime contractor.

Billy Strange, as prime contractor, by oral contract, agreed to improve and make certain additions to a lakehouse located upon the homestead property of Gilbert Reeves. In the progress of completing the improvements, the appellants furnished to the prime contractor, Strange, lumber and building materials utilized in the construction of the improvements. Of the cost of the materials furnished, a sum of $1,325.09 is still due and owing to appellants by Strange and constitutes the amount of the debt made the basis of this suit.

The court by way of its findings of fact and conclusions of law found the following facts pertinent to this appeal to have existed, to-wit:

"IV.

"The job was completed in the month of May, 1970, by the Defendant, GILBERT REEVES, after the Defendant, BILLY STRANGE, had abandoned the job in April, 1970.

"V.

"On April 2, 1970, the Defendant, GILBERT REEVES, received written notice from the Plaintiffs concerning lumber and building materials furnished to the Defendant, BILLY STRANGE, by the Plaintiffs, such notice being in compliance with Article 5453 of Vernon's Annotated Civil Statutes of the State of Texas.

"VI.

"On April 13, 1970, an affidavit was filed by the Plaintiffs with the County Clerk of Smith County, Texas, in compliance with Article 5453 of Vernon's Annotated Civil Statutes of the State of Texas.

"VII.

"Both the notice and affidavit were in proper form as required by the Mechanic's and Materialman's Lien Statute of the State of Texas.

\*     \*     \*     \*     \*     \*

"IX.

"During the progress of the work, approximately $10,831.87 was paid to the Defendant, BILLY STRANGE, by the Defendant, GILBERT REEVES, under the terms of the cost plus ten percent contract.

"X.

"The reasonable value of the improvements placed upon the property of the Defendant, GILBERT REEVES, by the Defendant, BILLY STRANGE, at the time the job was abandoned by the Defendant BILLY STRANGE, was $11,-700.00."

The appellee Reeves, as landowner, did not withhold the ten percent (10%) retainage of any of the sums paid to Strange as appellants contend he was bound to do under 5469. As is noted in the trial court's findings, appellants have complied with all the requirements of the mechanic's and materialman's statutes, Article 5452, et seq. However, appellants admit that since the leasehold estate involved here is homestead, they have no standing to claim a materialman's lien against the property. They con-

---

1.  All references herein are to Vernon's Texas Civil Statutes unless otherwise indicated.

tend rather, that because the appellee has failed to retain the ten percent (10%) retainage as provided in Article 5469, they are entitled to a personal money judgment against appellee. To support their contention, appellants cite to us the case of W & W Floor Covering Company v. Project Acceptance Company, 412 S.W.2d 379 (Tex. Civ.App., Austin, 1967, n. w. h.). There the "landowners" contracted with "contractor" to build a home on their homestead. The contract was in writing and a mechanic's and materialman's lien was executed to secure a note for the purchase price and was then duly filed. Before maturity, the note and lien were assigned by "contractor" to Project Acceptance Company. At the contractor's insistence, "materialman" supplied and installed floor covering and duly filed its lien on completion of the work. "Contractor" defaulted and "materialman" sued landowner, contractor, and Project Acceptance Company to recover its debt and to foreclose its lien. Materialman had no contract with landowner but relied on that part of 5460 which provides that the contract between the owner and contractor will inure to the benefit of those who furnish labor and materials to the contractor. The court there held that since a materialman's lien is derivative and is based on funds in the hands of the owner which are owed to a contractor, the assignment of the note and lien to a third party, Project Acceptance Company, cut off the materialman's lien. As Project Acceptance Company qualified as a holder in due course, there were no funds in the hands of the owner owed to the contractor after the assignment and therefore the mechanic's and materialman's lien could not attach to the land. Under Article 5469, the court said the "landowners" here were required to retain ten percent (10%) of the contract price, and if they had done so, the "materialman's" lien would have attached to that. Because "landowners" did not retain the ten percent (10%), there were no funds to which a lien could attach. However, since "landowners" had violated Article 5469, while materialman had complied with the notice provisions of the statute, the court held that "materialman" was entitled to a money judgment against "landowners" and "contractor" to the extent of ten percent (10%) of the contract price. It was the violation of this statutory duty upon which the court based the personal judgment against the landowners. In the case at bar there was no valid, written contract between landowner and contractor which would, in the first instance, require landowner to withhold retainage under Article 5469. Thus, landowner in the instant case did not violate any statute, so as to expose himself to personal liability.

Article 5460 is the exclusive procedure for establishing a lien on a homestead and requires a properly acknowledged and recorded contract for improvements executed by the owner. If the materialman has not contracted directly with the owner, but a contract exists between the owner and a contractor, this contract inures to the benefit of the materialman giving him a lien for the materials he furnishes.

Article 5469 provides in part:

"Whenever work is done whereby a lien or liens may be claimed under Article 5452 hereof, it shall be the duty of the owner, his agent, trustee, or receiver to retain in his hands during the progress of such work and for thirty (30) days after the work is completed, * * * ten per cent (10%) of the contract price to the owner, his agent, trustee, or receiver of such work, or ten per cent (10%) of the value of same, measured by the proportion that the work done bears to the work to be done, using the contract price or, if none, the reasonable value of the completed work as a basis of computing value. * * *"

Under the language of Article 5469, the landowner only has the duty of retaining the ten percent (10%) when a lien or liens could be claimed under 5452. Since Article 5460 represents the sole method of establishing a lien upon a homestead, we feel that Articles 5469 and 5460 must be con-

**262**

strued together. Construing Articles 5469 and 5460 together, we hold that the landowner, as regards homestead, does not have the duty of statutory retainage unless the requirements of Article 5460 are first met. We do not believe that this conclusion is in conflict with W & W Floor Covering Company, supra. There the requirements of Article 5460 had been met. In the case at bar, the requirements of Article 5460 had not been met.

For the foregoing reasons, the judgment of the trial court is affirmed.